By the Court. Oakley, Ch. J.
The plaintiffs’ lease gives to them the first story, basement, and cellar of the store with the appurtencmces. In like manner, the upper stories with the appurtenances are leased to the defendant. The plaintiffs claim the right to keep open the folding doors in question, and the right to use the hatchway and fall, as appurtenant to the portion of the store demised to them; and that these things are annexed to the use and occupancy of their premises.
We see no reason why they are not so annexed, nor why they should not be deemed appurtenances, when they are so essen- ; tial to the enjoyment of the plaintiffs’ tenement. They clearly 'have the right to use the hatchway and the tackle and fall in the accustomed manner, in order to have access to the basement and cellar, for the deposit of goods and their elevation from thence to:the first floor. The. defendant says such a use of the hatch andffall would greatly obstruct the access to his premises, because while in use, it would be very inconvenient to pass by the hatch, in order.to enter or leave his lofts. But this inconvenience is no'just ground for giving to this lease a different construction. The rights of each tenant must be taken in subordination to the other.
The tenant of the first story must not use the hatchway unnecessarily, or keep it open except when he is actually and in good faith using it to let down or take out goods. The inconvenience is one of those which unavoidably grow out of the mutual occupation of portions of the same tenement. The defendant,' by preventing the plaintiff from using these appurtenances, committed a >wrong for which the jury have properly assessed damages.
Another wrong of which the plaintiffs complained, was the defendant’s act in keeping the folding doors fastened. The defendant said it was necessary for the protection of his property in the stories above, that the doors should be kept closed. These folding doors appear to have been intended for two purposes, viz. for access to the basement hatch from the store on the first floor, instead of by the street entrance, and for the display of the store itself and the goods of the occupant there offered for sale. As to the question of right between these parties, we are *19 of the opinion, that the tenants of the first story have a right to control these folding doors in the day-time and during business hours, and that the tenant of the lofts cannot interfere with such control. The object of placing bolts on both sides of the door, appears to be the mutual protection of all the occupants at night. ' Looking at the object of the bolts, as thus indicated, there is no risk from having the doors open in the day-time. The tenants of the lower floor have the right to control the opening of the doors for the purposes of their business. Access to the lofts would not be prejudiced, but would rather be improved by these doors being kept open.
Our conclusion is, that the tenants of the first floor have a right to the hatchway and to the use of the tackle and fall, the same to be used in subordination to the like right of the tenant of the lofts above, causing no unnecessary inconvenience to him; and as to the folding doors, that they have a right to control them during the day-time, and the tenant of the upper stories cannot interfere with them. Both parties have a right to bolt the doors at night for the security of their respective premises.
The jury assessed no damages at the trial for the wrong complained of in respect of the folding doors, and we cannot assess them in this stage of the case. There must be judgment for the plaintiffs, for the damages given by the verdict.